TIMOTHY COURCHAINE
United States Attorney
District of Arizona
MATTHEW C. CASSELL
Assistant U.S. Attorney
Colorado State Bar No. 38157
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: matthew.cassell@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-24-3896-TUC-JAS-MSA |
| Plaintiff, | |
| v. | SENTENCING MEMORANDUM |
| Francisca Yeraldi Valdez-Molina, | |
| Defendant. | |

Now comes the United States of America, by and through its attorneys undersigned, and submits the following regarding the above-captioned defendant's sentencing:

1.    The matter is set for sentencing on March 19, 2025.

2.    This case originated from an investigation conducted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and Homeland Security Investigations (HSI). On April 17, 2024, two men drove a vehicle into the DeConcini Port of Entry (POE) in Nogales, Arizona. Their vehicle was loaded with three pistols and two rifles, each with accompanying magazines. The two men who drove the vehicle have both pled guilty to attempted exportation of prohibited goods and are pending sentencing.

3.    ATF and HSI agents quickly learned that the defendant purchased the two rifles, and more importantly, that she did so on *the same day* the rifles were seized at the POE. Agents located the defendant, who initially lied to the agents about the rifles, but eventually admitted that she purchased the two rifles for her boyfriend, who could not purchase them lawfully since he was a non-citizen, and also that she previously purchased

up to five others previously. Finally, the defendant admitted she knew the firearms were destined for Mexico, although she was unaware who was organizing the exportation of the firearms.

4.      On June 26, 2024, a federal grand jury in Tucson returned a true bill of indictment against the defendant, alleging three counts, including straw purchasing, making a false statement, and firearms trafficking. On January 6, 2025, the defendant pled guilty to the straw purchasing count pursuant to a written plea agreement. The remaining two counts are to be dismissed upon sentencing.

5.      The government has reviewed the probation department's presentence investigation report (PSR) and disposition report and has no additions or corrections to the factual statements or guideline/criminal history calculations. The defendant's guideline sentencing range is 37-46 months, based on a total offense level 21 and criminal history category I. In paragraphs 2 and 66, the PSR correctly states the impact of the plea agreement, which calls for a sentence of time served (238 days as of March 19, 2025) to 37 months of incarceration. The probation department recommends the Court sentence the defendant to 18 months of incarceration and two years of supervised release.

6.      18 U.S.C. § 3553(a)(1) states that when imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  The sentence imposed shall reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to further criminal conduct, and protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2).  The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct."  18 U.S.C. §3553(a)(6).

7.      Pursuant to the 18 U.S.C. § 3553(a) factors, the government respectfully requests the Court accept the parties' plea agreement and follow the probation department's recommendation to sentence the defendant to 18 months of incarceration, to be followed by two years of supervised release. The defendant straw purchased up to seven firearms for her boyfriend, who she knew was prohibited from possessing firearms, all while knowing the

firearms were going to Mexico, so they almost certainly ended up in the hands of a criminal element that has historically terrorized the people of that nation. The government will further explain its position at the sentencing hearing, currently set for March 19, 2025.

Respectfully submitted this 12th day of March, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*/s/ Matthew C. Cassell*

MATTHEW C. CASSELL
Assistant United States Attorney

Copy of the foregoing served electronically
or by other means this 12th day of March, 2025, to:

Nancy J. Arce, Esq.
Counsel for defendant